UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-00169-CRS

ERICA BRANTLEY, *et al* PLAINTIFFS

v.

SMRITI MASKEY DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (DN 17) as to claims by Erica Brantley arising from a two-car accident that occurred on September 3, 2022 in Jeffersontown, Kentucky. Both Plaintiff, Erica Brantley, and her minor daughter, C.B., were allegedly injured. Complaint, DN 1, at PageID# 1. Erica originally sued Maskey in an Ohio state court on August 22, 2024. Response, DN 23, at PageID# 55. That case was voluntarily dismissed on February 11, 2025. Erica refiled in this Court on March 6, 2025. *Id.* at PageID# 56. Defendant contends that Erica's claims are barred by Kentucky's two-year statute of limitations and that he is entitled to judgment as a result. Motion, DN 17, at PageID# 43-44. Erica argues that her claims are timely given Kentucky's savings statute, KRS 413.270. Response, DN 23, at PageID# 57. Defendant maintains that KRS 413.270 does not apply to Plaintiff's claims. Reply, DN 24, at PageID# 61. Defendant is correct. For that reason, the Court will grant his Motion and enter a judgment in his favor on Erica's claims. C.B.'s claims will be allowed to proceed.

**ANALYSIS**

The parties agree that the accident occurred no later than September 3, 2022. They also agree as to the date on which Erica sued in this Court, March 6, 2025. They also agree that there is a two-year statute of limitation that applies to Erica's personal injury claim. Thus, it is undisputed that Erica did not sue here until after the two-year statute of limitation expired. The

dispute lies in whether Erica may nonetheless sue because her untimeliness is excused by KRS 413.270 (the "Savings Clause") which permits a litigant to sue out of time if he or she initially and timely filed in the wrong Kentucky court but then later filed in the correct Kentucky court. Erica argues that the statute saves her claims. Response, DN 23, at PageID# 57. Defendant has shown that it does not because Erica originally filed in an Ohio, not a Kentucky, court. Reply, DN 24, at PageID# 61.

Kentucky's Savings Clause allows a plaintiff to refile a dismissed case within 90 days if the original timely case was filed in an improper venue; the 90-day delay is not counted in applying any given statute of limitation:

> If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

KRS 413.270(1). The application of the Savings Clause to the current case turns on the phrase "in any court of this state." Defendant maintains that given this phrase, the Savings Clause applies only in situations where a plaintiff files first in the wrong Kentucky court. However, because Erica first filed in Ohio, the Savings Clause does not rescue her claims.

In fact, the Kentucky Court of Appeals squarely decided this issue in *Blair v. Peabody Coal Co.*, 909 S.W.2d 337, 339 (Ky. Ct. App. 1995). In *Blair,* the plaintiff Blair initially filed suit in Missouri and following dismissal subsequently refiled in a Kentucky state court and did so within 90 days. He relied on the Saving Clause to prevent a time bar. The Kentucky Court of Appeals rejected that argument, finding that with respect to the phrase "in any court of this state," "court" means only those courts that are *physically located* within the state of Kentucky. *Blair*, 909 S.W.2d

at 339 ("[I]t is clear to us that the phrase 'in any court of this state' includes only those federal or state 'courts,' as defined in KRS 413.270(2), which are physically located within the state of Kentucky."); *accord Poplar v. KKI, LLC*, 2005 WL 2739158, at *3 (W.D. Ky. Oct. 21, 2005). Therefore, since Plaintiff Blair had initially filed in a Missouri court instead of a Kentucky court, the Savings Clause did not apply and his case was time barred as a result.

Here, Erica initially filed suit in Ohio, so she cannot rely on Kentucky's Savings Clause. As a result, her claims are barred by Kentucky's two-year statute of limitation. The accident occurred no later than September 3, 2022, but Erica did not sue in this Court until March 6, 2025. Her suit was too late. As a result, Defendant's Motion for Judgment on the Pleadings (DN 17) will be granted by a separate order and judgment.

September 25, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**